[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11340
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00226-HLA-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE LANIER PERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 21, 2011)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Terrance Perry appeals his conviction for attempting to possess with intent

to distribute 500 grams or more of cocaine. 21 U.S.C. § 841(a)(1). Perry argues

that the district court erred by refusing to suppress evidence seized from his vehicle, by admitting evidence of prior drug transactions between Perry and a confidential informant, and by denying Perry's motion for a judgment of acquittal. We affirm.

The district court did not err by denying Perry's motion to suppress. When officers stopped Perry's vehicle, they had "probable cause to believe the vehicle contain[ed] evidence of a crime." United States v. Tamari, 454 F.3d 1259, 1261 (11th Cir. 2006). Perry approached a former supplier about purchasing a kilogram of cocaine, and that supplier, a confidential informant, told Detective Dave Bisplinghoff of the Jacksonville Sheriff's Office about Perry's inquiry. Detective Bisplinghoff arranged for Perry to meet with an undercover officer who was posing as a cocaine dealer, and Perry agreed to meet the officer at a gas station within two hours and pay him $22,000 for one kilogram of cocaine. After the undercover officer told Detective Bisplinghoff about the agreement, the Detective arranged for a K-9 unit to stop Perry's vehicle. A few minutes after the undercover officer telephoned Perry to arrange their meeting, officers observed Perry leave his house and stopped him en route to the gas station for speeding. "[U]nder the totality of the circumstances, 'there [was] a fair probability'" for investigating officers to search Perry's vehicle to investigate whether he was in

2

possession of the amount of money he had agreed to pay to acquire the cocaine. Id. at 1264. Perry challenges the basis for the traffic stop, but the government presented undisputed evidence that officers stopped Perry for driving in excess of the speed limit. See United States v. Pruitt, 174 F.3d 1215, 1217 n.1 (11th Cir. 1999). Perry argues, for the first time on appeal, that the officers created the exigent circumstances that led to the search of his automobile, but the only exigency required to search a vehicle is its ready mobility. Id.

The district court did not abuse its discretion by admitting testimony from the confidential informant about his past affiliation with Perry. "'Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if . . . it forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.'" United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992) (quoting United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985)). The informant's testimony about his history with Perry was inextricably intertwined with his charge of attempting to obtain cocaine that he later could distribute. Perry argues that the testimony was unduly prejudicial, see Fed. R. Evid. 403, but the informant's testimony that he had known Perry for about a year and had sold cocaine to Perry on more than one occasion explained to the jury why

3

Perry contacted the informant to purchase cocaine.

The district court also did not err by denying Perry's motion for a judgment of acquittal. To obtain a conviction, the government was required to prove that Perry "acted with the kind of culpability required to possess cocaine knowingly and wilfully and with the intent to distribute it[] and . . . engaged in conduct [that] constitute[d] a substantial step toward the commission of the crime." United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001). The government presented testimony from investigating officers, the undercover officer, and the confidential informant that Perry was stopped while en route to purchase from the undercover officer one kilogram of cocaine and Perry possessed the amount of cash that he had agreed to pay for the cocaine. Perry had purchased on several occasions the same quantity of cocaine from the informant, and that quantity greatly exceeded the amount typically purchased for personal use. A jury reasonably could have found that Perry attempted to acquire more than 500 grams of cocaine with intent to distribute the illegal substance.

We **AFFIRM** Perry's conviction.